IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

BRENDALYN T. SCOTT  
*Plaintiff, citizen of Louisiana*

v.

HOME DEPOT U.S.A., INC., a Delaware corporation;, and its insurer, STEADFAST INSURANCE COMPANY, a Delaware Insurer  
*Defendants*

Civil Action No.

## COMPLAINT

Plaintiff, by and through her undersigned counsel, for her complaint against Defendants, state as follows:

### PARTIES

1. Plaintiff, Brendalyn T. Scott, specifically at the time of the Incident, which is the subject of this action, is a resident of the State of Louisiana, residing in Darrow, LA in Ascension Parish.

2. Defendant Home Depot U.S.A., Inc., ("Home Depot") is a Delaware corporation with its principal place of business located in Atlanta, Georgia. Home Depot owns and operates home improvement stores throughout the United States, including a store located in Gonzales, Louisiana. ("The Home Depot Store").

3. Upon information and belief, at the time of the Incident which is the subject of this action, Home Depot had a policy of liability insurance issued by Steadfast Insurance Company ("Steadfast"), a Delaware corporation, insuring against the negligent acts or omissions of Home Depot. Under the provisions of the Louisiana Direct Action Statute, Revised Statute 22:1269, the Steadfast policy

was in full force and effect at the time of the Incident, and it insures for the benefit of Plaintiff.

## JURISDICTION

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. At all times relevant, Plaintiff was a citizen of Louisiana; following the Incident which is the subject of this action. Defendant Home Depot is a citizen of the state of Delaware, and its insurer is incorporated in the state of Delaware. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(2).

## GENERAL ALLEGATIONS
## (Applicable to All Claims for Relief)

5. Plaintiff re-alleges each and every allegation contained in Paragraphs 1 through 4 of the Complaint as if fully set forth verbatim.

6. On or about January 28, 2020, Mrs. Scott was shopping at the Home Depot Store #383 located at 2740 South Cajun Avenue in Gonzales, LA. She was in the flooring/tile department looking at tile. Unable to determine the color of the tile, she asked for a Home Depot employee to assist her.

7. The employee got onto the shelf to reach the desired tile, when a piece of backsplash on the top shelf fell, hitting Mrs. Scott in the foot.

8. Plaintiff went to seek medical care for her foot that day at the Emergency Room at St. Elizabeth's Hospital in Gonzales, Louisiana.

9. Her foot was severely damaged, with both her great toe and second toe fractured.

10. No surgeries were done on the toes, but they were left to heal on their own, per medical advice.

11. Almost one year later, the toes are still not fully healed.

12. At the time of the Incident, Mrs. Scott was in good health and had no problems with her feet.

13. As a proximate result of the Incident, Mrs. Scott sustained serious and substantial physical injuries for which she has required health care services and will continue to require health care services in the future. Her physical injuries include but are not limited to injuries to her right foot. Her injuries will likely require future medical treatment.

14. The injuries, damages and losses sustained by Plaintiff Mrs. Scott were proximately caused by the wrongful acts and omissions of Defendants as set forth herein.

## FIRST CLAIM FOR RELIEF

(Mrs. Scott-Negligence- Home Depot and Steadfast, its Insurer)

15. Mrs. Scott re-alleges each and every allegation contained in Paragraphs 1 through 14 of the Complaint as if fully set forth verbatim.

16. Home Depot owes a duty to its customers, including Mrs. Scott, to exercise reasonable care to provide a safe shopping environment for its customers. This duty includes keeping the shelves, aisles and passageways in a safe condition, free of any hazardous condition that might give rise to injury to a customer.

17. Mrs. Scott was invited by Home Depot to be a customer at The Home Depot Store.

18. Home Depot has a policy and practice of storing merchandise on high shelves

above the sales floor.

19. Upon information and belief, the Merchandise which fell and struck Plaintiff was placed on such a high shelf in The Home Depot Store by Home Depot employees during and in the course of their employment.

20. Home Depot knows or, in the exercise of reasonable care, should know that storing merchandise on high shelves creates a dangerous and hazardous condition and a risk of serious injury to its customers if the merchandise is not secured from falling.

21. The Merchandise that fell and struck Mrs. Scott was in the sole custody and control of Home Depot.

22. Mrs. Scott did not handle, manipulate, move, disturb or have any personal involvement with the Merchandise, except as a customer who was struck by the falling Merchandise.

23. Neither Mrs. Scott nor any other customer caused the Merchandise to fall.

24. The Incident could have been prevented if Home Depot had taken reasonable steps to secure the Merchandise on the high shelf.

25. The manner in which the Merchandise was stored on the high shelf posed an unreasonable risk of harm to customers of Home Depot, including Mrs. Scott.

26. Home Depot knew or should have known that the Merchandise was stored in a precarious or unstable position so that, eventually, it would fall and cause injury to its customers, especially if the employee jostled the shelf, which happened in this case.

27. Home Depot breached its duty of care to its customers, including Mrs. Scott, and was negligent and careless, including but not limited to the following acts or omissions:

   a. failed to safely and properly secure the Merchandise on the high shelf in such a manner as to prevent the Merchandise from falling.

   b. failed to inspect and monitor the placement of the Merchandise on the high shelf;

   c. failed to follow its own safety and merchandise practices and policies.

   d. failed to properly train and supervise its employees; and

   e. failed to warn customers, including Mrs. Scott, of the hazardous condition it had created.

   f. failed to safely remove the tile without disturbing the shelf holding the back splash;

43. Home Depot's negligence proximately caused the Merchandise to fall and strike Mrs. Scott, causing the aforementioned injuries, damages and losses sustained by Plaintiff.

44. Upon information and belief, under the terms of the liability policy issued by Steadfast, Steadfast obligated itself to pay any and all damages to others as a

WHEREFORE, Plaintiff demands judgment as set forth below.

## DEMAND FOR JUDGMENT

WHEREFORE, Plaintiff Brendalyn T. Scott requests that judgment be entered in her favor and against Defendants Home Depot U.S.A., Inc. and Steadfast Insurance Company, its Insurer, for damages and losses sustained by Plaintiff, together with statutory interest, pre- and post-judgment interest, fees and costs of suit including expert witness fees, and such other and further relief as the Court deems just and appropriate.

JOSEPH J. LONG, ATTORNEY AT LAW

*/s/ Joseph J. Long*
Joseph J. Long, LA Bar Roll #25968
251 Florida Street, Suite 308
Baton Rouge, Louisiana 70801
Tel: (225) 343-7288
Fax:(225) 267-5664
joe@legal225.com

*Lead Counsel and Attorney for Plaintiff*